**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-10744
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL A RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-76-9

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael A. Rodriguez pleaded guilty to two counts of interstate travel in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952. He was sentenced to 78 months in prison and three years of supervised release. Rodriguez completed his prison term and began serving his term of supervised release. The Government then sought to revoke Rodriguez's supervised release, alleging that Rodriguez had violated the condition that he not use a controlled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substance. Rodriguez now appeals the district court's revocation of supervised release.

This court reviews the district court's revocation decision for abuse of discretion. *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995). "Where there is an adequate basis for the district court's discretionary action of revoking [supervised release], the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause of revocation." *United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995)(quotation marks omitted).

Rodriguez's admitted use of cocaine on three occasions were each a sufficient ground for the district court's discretionary revocation of Rodriguez's supervised release under 18 U.S.C. § 3583(e). *See* § 3583(e)(3); *see also McCormick*, 54 F.3d at 219 & n.3. Rodriguez does not contend that the district court was without authority to revoke under § 3583(e)(3) for his admitted use of cocaine. Accordingly, he is deemed to have abandoned the issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Rodriguez's assertion that the district court failed to state any reasons for invoking its discretionary authority under § 3583(e) is belied by the record. Because the district court properly exercised its discretion to revoke Rodriguez's supervised release under § 3583(e), Rodriguez's arguments regarding the applicability of §§ 3583(g)(1) and (4), which were not the basis of the motion to revoke premised on Rodriguez's admitted use of cocaine, are irrelevant. *See McCormick*, 54 F.3d at 219 & n.3.

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED. The Government's alternative motion to dismiss the appeal is DENIED and its motion for an extension of time to file an appellate brief is DENIED as unnecessary.